UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY L. FELIX, JR,

        Plaintiff,

v.                               Case No. 15-CV-951

UNITED PARCEL SERVICE INC.,

        Defendant.

# ORDER

Plaintiff Timothy Felix, Jr. seeks $3 billion in damages from his former employer, United Parcel Service, Inc. (UPS), for "forcing [him] into early retirement," allegedly because of his "mental illness." (ECF No. 1.) UPS moved to dismiss Felix's complaint. (ECF No. 11.) Felix opposed UPS's motion (ECF No. 15) and moved for a "discovery date" (ECF No. 17). In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 3, 7.)

For purposes of the motion to dismiss the court accepts the following facts as true. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). UPS employed Felix. (ECF No. 1 at 3.) "Employer," whom the court presumes is one or more UPS employees, "mentally harassed," "yelled," "hovered over," and "belittled" Felix. These actions

caused Felix's "mental illness [to] severly [sic] flare up." Felix's supervisor, Steve Meyer, "didn't even know [he] had a mental illness…." In apparently the latest incident, Felix was "filing a grievance for safety reasons, [when] employer interupted [sic] twice and made a false accusation stating [he] was drinking on the job." After obtaining a urine sample from Felix, UPS "forced [him] into retirement." On June 4, 2015, Felix filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that UPS violated Title I of the Americans with Disability Act (ADA). (ECF No. 24 at 1.) The EEOC was unable to conclude that the information furnished by Felix established that discrimination had occurred and issued Felix a right-to-sue letter. (ECF No. 24 at 12.)

When a complaint "fail[s] to state a claim upon which relief can be granted," a defendant may move to dismiss it. Fed. R. Civ. P. 12(b)(6). A motion to dismiss challenges not the merits of the suit but the sufficiency of the complaint. *Five Star Airport Alliance, Inc. v. Milwaukee Cnty.*, 939 F. Supp. 2d 936, 937 (E.D. Wis. 2013) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). To avoid dismissal, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the court may reasonably infer from the alleged facts that the defendant is liable for the purported misconduct. *Id.* at 678.

Felix's complaint does not specify whether his claim arises under federal or state law. The most likely possibility is that Felix is raising a claim under the ADA, 42 U.S.C. § 12101 *et seq.*, which was the statute alleged in his charge of discrimination to the EEOC. But it's also possible that Felix is claiming a violation of Wisconsin employment law. Indeed, in the cover sheet attached to his complaint, Felix cites Wisconsin administrative code as the basis for UPS's liability. (ECF No. 1-1.) Because Felix is a pro se litigant, and thus his complaint must be construed liberally, *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014), the court will assess his complaint as though he asserts a violation of both the ADA and the equivalent Wisconsin law.

To state a claim for relief under the ADA, a complaint must allege, among other things, facts showing that the plaintiff is disabled and that "he suffered an adverse employment action because of his disability." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). A person is disabled under the ADA when he has "a physical or mental impairment that substantially limits one or more major life activities," "a record of such impairment," or is "regarded as having such an impairment." 42 U.S.C. § 12102(1). The only allegation in the complaint suggesting that Felix may be disabled is that alleging that he has a "mental illness." But a cursory reference to an illness or injury is insufficient to establish a disability, even at the pleading stage. *See, e.g., Graves v. Brookfield Suites Hotel & Convention Ctr.*, No. 11-CV-01060, 2012 WL 3941774, at *1 (E.D. Wis. Sept. 10, 2012).

Nor does the complaint allege facts establishing that Felix suffered an adverse employment action *because of* his mental illness. (ECF No. 1 at 3) In fact, it does not allege that UPS, or any agent thereof, even knew of Felix's mental illness. To the contrary, the only natural person named in the complaint, Felix's supervisor Steve Meyer, "didn't even know [Felix] had a mental illness." (ECF No. 1 at 3.) Given these deficiencies, Felix falls short of alleging a claim under the ADA.

To the extent that Felix attempts to assert a violation of Wisconsin law, this court would have no jurisdiction over such a claim. Federal courts are courts of limited jurisdiction and may only exercise jurisdiction in a case when that jurisdiction is "specifically authorized by statute." *Newell Operating Co., v. Int'l Union of United Auto., Aero., & Agric., Implement Workers of Am.*, 532 F.3d 583, 587 (7th Cir. 2008). Felix does not establish federal jurisdiction by demonstrating that, for example, the parties are diverse citizens. *See* 28 U.S.C. § 1332. And without any plausible claim under federal law, this court declines to exercise supplemental jurisdiction over a state law claim. *See* 28 U.S.C. 1367(c)(3); *see also Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009).

Thus, regardless of whether Felix is asserting a claim under the ADA, a comparable Wisconsin law, or both, his complaint must be dismissed.

When a complaint is dismissed, a plaintiff is ordinarily afforded an opportunity to amend it. Fed. R. Civ. P. 15(a). UPS opposes allowing Felix an opportunity to amend,

arguing that any amendment would be futile. (ECF No. 12 at 10-11.) According to UPS, because the complaint affirmatively alleges that Felix's supervisor did not know of his mental illness, he cannot claim that he suffered an adverse employment action on account of his disability. Precedent disfavors not giving Felix an opportunity to amend. *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 557 (7th Cir. 2004). This court could envision a reasonable set of facts that would form a plausible discrimination claim. Therefore, it will permit Felix to amend his complaint and recount additional facts that would remedy the deficiencies identified in this order.

In addition to UPS's motion to dismiss, Felix filed a motion in which he requests a "discovery date." (ECF No. 17.) However, a plaintiff is entitled to discovery only when the complaint contains a claim on which relief can be granted. *See, e.g.*, *Eisberner v. Discover Products, Inc.*, 921 F. Supp. 2d 946, 948 (E.D. Wis. 2013). The complaint must first survive a motion to dismiss. Because Felix's complaint will be dismissed, discovery is premature. In the event Felix amends his complaint to state a federal cause of action upon which relief can be granted, he will be permitted to proceed with discovery.

**IT IS THEREFORE ORDERED** that the defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is **granted**. The plaintiff's complaint is dismissed without prejudice. The plaintiff may file an amended complaint no later than **February 15, 2016**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Discovery Date (ECF No. 17) is **denied**.

Dated at Milwaukee, Wisconsin this 14th day of January, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge