UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY L. FELIX, JR.,

        Plaintiff,

v.                                                    Case No. 15-CV-951

UNITED PARCEL SERVICE, INC.,

        Defendant.

## ORDER

On August 10, 2015, plaintiff Timothy L. Felix, Jr. filed a complaint against defendant United Parcel Service, Inc. (UPS) seeking $3 billion in damages from UPS, his former employer, for "forcing [him] into early retirement," allegedly because of his "mental illness" (ECF No. 1). On January 14, 2016, the court granted UPS's motion to dismiss the complaint. (ECF No. 28.) However, the court gave Felix the opportunity to amend his complaint and ordered that he do so no later than February 15, 2016. (ECF No. 28.)

On January 21, 2016, Felix filed a letter wherein he stated that he needed a lawyer to represent him. (ECF No. 29.) Construing the letter as a motion for the appointment of counsel, the court denied the motion without prejudice on January 25, 2016. (ECF No.

30.) In this order, the court noted that attempting to recruit a volunteer attorney for a pro se plaintiff is appropriate only if the plaintiff has alleged a plausible claim. (ECF No. 30 at 2.) The court stated that it would assess whether it was appropriate to recruit counsel on Felix's behalf if and when Felix filed an amended complaint. (ECF No. 30 at 2.) The court further noted that, if Felix needed assistance in filing an amended complaint, he should consult this court's guide for pro se litigants, which includes information on how to obtain legal assistance, including information on limited scope legal representation services that will assist pro se litigants with drafting complaints. (ECF No. 30 at 3.) Thus, in this district, no litigant is forced into the Catch-22 of not being able to obtain a court-recruited lawyer because he lacks the legal assistance necessary to satisfy the prerequisite of presenting a plausible claim in an appropriate pleading.

Felix then filed a "motion to vacate judgment." (ECF No. 31.) The court denied this motion on February 3, 2016, noting that the court had not yet entered judgment. (ECF No. 32.) The court explained that it had "granted Felix an opportunity to amend his complaint by February 15, 2016, in order to cure its deficiencies." (ECF No. 32.)

The court has been informed by court staff that since this court's order dismissing Felix's complaint he has made various attempts to communicate with this court through phone calls, voicemails, and personal visits to the court's chambers. The court must advise Felix that such actions are inappropriate for any litigant, whether pro

2

se or not. Aside from formal hearings attended by all sides to litigation, all communications with the court must be in writing. These written communications must be either mailed to the Office of the Clerk of Court or delivered to that office, Room 362 of the United States Courthouse in Milwaukee. Court staff are unable to provide legal advice to any person. If a response from the court is appropriate, the court likewise will communicate only in writing. The court's written statements as well as those of any party are made a part of the public electronic court file, which is available either at terminals in the Office of the Clerk of Court or, for a fee, to registered users through the Public Access to Court Electronic Records (PACER) website, www.pacer.gov.

The reason for these formalities is, in part, to avoid the risk (or even the appearance) that the court's decision is based upon anything other than that of which all parties are fully aware and about which all have had a chance to respond. A court communicating with one party without the other present, referred to as *ex parte* communication in the legal field, is generally prohibited. Therefore, Felix will not be permitted to meet with the court nor will the court respond to telephone calls or voicemails directed to the court's chambers by Felix. All procedural questions must be directed to the Office of the Clerk of Court. Any request for relief or other communication must be in writing and submitted, either by mail or in person, to the Office of the Clerk of Court.

In sum, Felix was informed in three separate orders that he needed to file an amended complaint. (ECF No. 28, 30, 32.) He has failed to do so by the deadline set by the court. Consequently, the court must now dismiss this action.

**IT IS THEREFORE ORDERED** that this action is hereby dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2016.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.